IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN B. STEVENS, | CASE NO. 3:06CV2593 |
| Petitioner, | |
| | JUDGE GWIN |
| v. | |
| | MAGISTRATE JUDGE HEMANN |
| ROB JEFFRIES, Warden, | |
| | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is John B. Stevens' ("Stevens") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on October 25, 2006. Stevens is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State of Ohio vs. Stevens*, Case No. CR03-2268 (Lucas County 2003). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The May 2003 term of the Lucas County grand jury indicted Stevens on one count of possession of cocaine and one count of failure to comply with the order or signal of a police officer. Stevens pleaded guilty to both counts on July 2, 2003. The trial court sentenced Stevens to four years of community control with the proviso that if he violated any term of his community control he could be ordered to serve a maximum of 12 months' imprisonment on the first count and five years' imprisonment on the second count.

On May 17, 2004 the court revoked Stevens' community control for violating its

terms. The court ordered him to serve 11 months' imprisonment for possession of cocaine and four years' imprisonment for failure to comply with a signal of a police officer, the sentences to be served concurrently.

On November 15, 2004 Stevens moved in the trial court to vacate his sentence and for resentencing. Stevens argued that the recent Supreme Court ruling in *Blakely v. Washington*, 542 U.S. 296 (2004), made his sentence unconstitutional, as his sentence depended upon judicial findings of fact of the sort prohibited by *Blakely*. The court denied Stevens' motion without opinion on November 22, 2004.

On December 7, 2004 Stevens moved in the trial court for early judicial release. The court denied his motion without opinion on December 20, 2004.

On July 11, 2005 Stevens moved in the trial court to withdraw his guilty plea. Stevens argued that his guilty plea was the result of ineffective assistance of counsel and that accepting the plea violated his rights under the Sixth Amendment. Stevens also argued that he was on narcotic medication at the time of his plea and was not capable of making a knowing, intelligent, and voluntary plea. The court examined the transcript of the plea hearing and found that Stevens had said during the hearing that he was satisfied with his representation, was not under the influence of narcotics at the time, and was pleading guilty in return for entrance into a substance abuse program. The court also found that Stevens had been informed of the nature of the charges against him, of the potential sentences he faced, and of his rights if he decided not to plead guilty. Finally, the court found that Stevens had admitted facts sufficient to find him guilty of the offenses with which he was charged. The court found Stevens' motion, therefore, to be not well taken and denied the motion to withdraw his plea on August 2, 2005.

Stevens filed in the trial court on August 25, 2005 a motion for leave to file a notice of appeal of the trial court's decision to deny his motion to withdraw his guilty plea. Stevens also requested an indefinite extension of time to file his notice of appeal and moved the court to compel the clerk of courts to comply with the civil rules so that he could file a proper notice of appeal. The trial court construed Stevens' motion as a motion for delayed appeal. The court then found that Ohio App. R. 5 required that a motion for delayed appeal be filed in the state appellate court and that it had no jurisdiction to consider such a motion. On September 7, 2005, therefore, the trial court dismissed Stevens' motion.

On December 28, 2005 Stevens filed a motion for early judicial release. The court denied his motion on January 6, 2006.

On January 17, 2006 Stevens moved in the trial court to withdraw his guilty plea and for a new trial on the basis of newly discovered evidence. The new evidence consisted of a Toledo Police Department Vehicle Pursuit Form which showed, according to Stevens, that there were mitigating circumstances in the pursuit which indicate that Stevens' conduct during the pursuit was not as serious as the court had been led to believe. Stevens contended that his conviction was the result of police, prosecutorial, and judicial misconduct and ineffective assistance of counsel. He also argued that his conviction was against the weight and sufficiency of the evidence. The court found that Stevens' motion was barred by *res judicata*, as it raised issues which could have been raised on direct appeal. The court denied his motion on March 14, 2006.

Stevens timely filed in the state appellate court a notice of appeal of the trial court's decision. Stevens raised one assignment of error in his appeal:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO

> CONSIDER THE APPELLANT'S POST-CONVICTION PETITIONS ON THE MERITS AND BY DENYING THE PETITIONER WITHOUT ANY EVIDENTIARY HEARING WHEN ALL REQUIREMENTS HAD BEEN MET IN THE PETITIONS FOR NECESSITATING AN EVIDENTIARY HEARING TO ESTABLISH MATERIALITY OF NEW EVIDENCE AND A DETERMINATION WHETHER THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE IN THIS CASE WAS SUFFICIENT TO SUSTAIN ANY CONVICTION IN THIS CASE.

On October 13, 2006 the state appellate court affirmed the judgment of the trial court, finding Stevens' sole assignment of error to be *res judicata*.

On August 10, 2006 Stevens filed in the Ohio Supreme Court a complaint for a writ of habeas corpus. The court dismissed Stevens' complaint *sua sponte* on October 4, 2006.

Stevens filed in the Ohio Supreme Court a timely notice of appeal of the state appellate court's dismissal of his appeal. Stevens raised one proposition of law in his memorandum in support of jurisdiction:

> Denial of post-conviction motion to withdraw guilty plea based upon newly discovered evidence demonstrating actual innocence and manifest injustice on the grounds that; "Based on the foregoing, this Court finds that appellant's 2006 motion to withdraw his guilty plea was barred by the doctrine of res judicata. All of appellant's claims could have been raised on direct appeal" . . . , violate due process under the 14th Amendment of the United States Constitution and the corrisponding [sic] Article(s) of the Ohio Constitution.

(Punctuation in the original.) On February 7, 2007 the Ohio Supreme Court denied Stevens leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Stevens filed in the trial court a third motion to withdraw his guilty plea on May 11, 2006. Stevens asserted that allowing him to withdraw his guilty plea would correct a manifest injustice because his conviction was obtained by police misconduct, prosecutorial misconduct, the prejudice and partiality of the trial court judge, and ineffective assistance of counsel and resulted in a guilty plea that was not knowing, intelligent, or voluntary. On

4

June 6, 2006 he filed a motion to vacate or correct sentence.    He also filed motions for judicial release on September 25, 2006, January 26, 2007, and February 8, 2007.  The record does not disclose the result of these motions.

On October 25, 2006 Stevens filed in this court a petition for a writ of habeas corpus.  Stevens raises seven grounds for relief in his petition:

- (A)    **GROUND ONE**:  The conviction was the result of constitutionally ineffective assistance of trial counsel.

- (B)    **GROUND TWO**:  Conviction by unconstitutional failure of the prosecution to disclose favorable evidence to the grand jury and to the defense in this case.

- (C)    **GROUND THREE**:  Conviction obtained through police misconduct.

- (D)    **GROUND FOUR**:   Conviction obtained by a plea of guilty which was unlawfully induced and not made voluntarily with the understanding of the elements of the crime or the consequences of the plea.

- (E)    **GROUND FIVE**:  Conviction obtained by a violation of the privilege against self incrimination.

- (F)    **GROUND SIX**: Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

- (G)    **GROUND SEVEN**:  Conviction obtained by use of evidence gained in violation of the Fourth Amendment rights of the petitioner pursuant to an unlawful search and seizure.

(Capitalization altered from the original.)  Respondent filed a Return of Writ on March 26, 2007 (Docket #13).  Stevens filed a Traverse on April 23, 2007 (Docket #15).  Thus, the petition is ready for decision.

II

*A.  Jurisdiction*

5

Stevens was sentenced by the Court of Common Pleas of Lucas County, Ohio. Stevens filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). This court has jurisdiction over Stevens' claims.

*B. Statute of Limitations*

Respondent argues that Stevens' petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Stevens pleaded guilty on July 2, 2003. Stevens had 30 days to appeal his

6

conviction to the state appellate court. Ohio App. R. 4(A). Stevens did not file an appeal. Thus, the statutory period began to run on August 2, 2003 and ran until it expired on August 2, 2004. Stevens did not file during this period any appeal, petition, or application for post-conviction relief which might have tolled the running of the statutory period.

The period within which Stevens could have filed a timely petition for a writ of habeas corpus expired on August 2, 2004. Stevens did not file the instant petition until October 25, 2006. Thus, Stevens' petition is barred by the statute of limitations.

III

For the reasons given above the magistrate judge recommends that the court dismiss Stevens' petition for a writ of habeas corpus.

Date: May 14, 2007
/s/Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).