UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
--------------------------------------------------------
JOHN B. STEVENS                   :   CASE NO. 3:06-CV-2593
                                  :
        Petitioner,               :   JUDGE JAMES S. GWIN
                                  :
vs.                               :   ORDER & OPINION
                                  :   [Resolving Docs. 16 & 23]
ROB JEFFRIES, Warden,             :
                                  :
        Respondent.               :
                                  :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 25, 2006, Petitioner John B. Stevens filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] On March 26, 2007, Defendant Rob Jeffries, Warden, filed a Return of Writ. [Doc. 13.] On May 14, 2007, Magistrate Judge Patricia A. Hemann issued a Report & Recommendation that this Court dismiss Stevens' Petition for Writ of Habeas Corpus. [Doc. 16.] On June 29, 2007, Petitioner filed Objections to the Report & Recommendation. [Doc. 23.] For the following reasons, the Court hereby **ADOPTS** Magistrate Judge Hemann's Report and Recommendation and **DISMISSES** Stevens' Petition for Writ of Habeas Corpus.

## I. Background

On July 2, 2003, Petitioner pled guilty to (1) Possession of Cocaine; and (2) Failure to Comply with the Order of a Police Officer. The trial court sentenced Petitioner to four years of community control on the condition that if those sanctions were violated, he could receive consecutive maximum sentences for both counts. Petitioner took no appeal from this conviction.

-1-

Case No. 3:06-CV-2593
Gwin, J.

On May 17, 2004, Petitioner was found to have violated his community control sanctions, which were then revoked. The trial court ordered that Petitioner serve sentences of eleven months imprisonment for possession of cocaine and four years imprisonment for failure to comply with the order of a police officer, to be served concurrently less time served. Petitioner was represented by counsel at this probation violation hearing.

On July 16, 2004, Petitioner, through counsel, filed a Motion for Judicial Release pursuant to O.R.C. 2929.20(B)(2). On August 24, 2004, the trial court denied this motion. No further motions were filed by the petitioner with regard to his conviction until November 15, 2004.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of a Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). Parties must file any objections with the Clerk of Court within ten days of the report's issuance. *Id.* Parties waive their right to appeal the Magistrate Judge's recommendation if they fail to object within the time allotted. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985).

In accordance with 28 U.S.C. § 2254(a), a person in custody pursuant to a state court judgment may challenge his or her conviction and sentence in federal court by petitioning for a writ of habeas corpus. 28 U.S.C. § 2254(a). Federal courts may entertain an application for a writ of habeas corpus only on the ground that the prisoner's confinement violates "the Constitution or laws or treaties of the United States." *Id.* A federal court may grant relief for a state's violation of federal law only in circumstances that create a "fundamental defect which inherently results in a complete miscarriage of justice" or are inconsistent with "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Case No. 3:06-CV-2593
Gwin, J.

Violations of state law are not cognizable in a Section 2254 proceeding unless such violations are of constitutional magnitude. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Further, federal courts presume the correctness of a state court's determination of factual issues. 28 U.S.C. § 2254(e)(1). A petitioner must rebut a state court's factual findings by clear and convincing evidence. *Id*.

A petitioner must file his Section 2254 petition within one year of the final judgment on direct review. 28 U.S.C. § 2244(d)(1). Alternatively, the habeas petitioner may timely file his or her petition at "the expiration of the time for seeking such review;" the removal of any state-imposed impediment that unconstitutionally prevented the filing of such a petition; the Supreme Court's announcement of a new, retroactively applicable constitutional right; or, the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A), (B), (C), (D). To qualify under the last factor's provisions, the petitioner must file his writ of habeas corpus within one year "from the date he discovered the factual predicate of his claim." *See Dicenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (citation omitted).

Finally, the denial of a motion for judicial release is not a final appealable order. *State v. Lawson*, 2002 Ohio 3329 at ¶ 23 (Ohio Ct. App. 2002) ("the statute authorizing judicial release - confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we . . . [hold] that a motion denying judicial release is not a final appealable order"); *see also State v. Greene*, 2002 Ohio 2595 at ¶ 3 (Ohio Ct. App. 2002) ("a trial court's denial of a motion for judicial release is not a final, appealable order").

### III. Analysis

Case No. 3:06-CV-2593
Gwin, J.

In the instant case, Petitioner pleaded guilty on July 2, 2003. As such, Petitioner was permitted thirty days in which to appeal his conviction; however, he opted not to appeal. Pursuant to 28 U.S.C. § 2244(d)(1), the statute of limitations governing Stevens' ability to file a petition for writ of habeas corpus began to run on August 2, 2003, when Petitioner's conviction became final.

Although Petitioner has subsequently filed numerous motions challenging the validity of his conviction, Petitioner filed only one motion prior to the completion of the one year statutory period as defined by 28 U.S.C. § 2244(d)(1), which concluded on August 2, 2004. On July 16, 2004, Petitioner, through counsel, filed a Motion for Judicial Release pursuant to O.R.C. 2929.20(B)(2). However, this motion neither challenged Petitioner's underlying conviction nor raised any of the alleged grounds for relief contained within his Petition for Writ of Habeas Corpus currently pending before the Court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Additionally, well-settled precedent establishes that the denial of a motion for judicial release is not a final appealable order. As such, Petitioner's Motion for Judicial Release did not toll the one year statutory period established by 28 U.S.C. § 2244(d)(1).

Stevens filed the instant Petition for Writ of Habeas Corpus on October 25, 2006, more than two years beyond the statutory period governing habeas petitions. Given that Petitioner has failed to establish any rationale by which this statutory period was tolled, Stevens' Petition for Writ of Habeas Corpus is time barred.

The only grounds by which Stevens could prevent dismissal of his habeas petition is upon a showing of actual innocence such that Petitioner's continued incarceration would constitute a

-4-

Case No. 3:06-CV-2593
Gwin, J.

fundamental miscarriage of justice. *See Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Petitioner has made no such showing in the instant case.

> When asked to describe his culpable conduct during the plea colloquy, Petitioner stated,
>
> I don't know if you're familiar with the effects of what crack cocaine - how it makes people act. I had been down to a known drug street. I drove there and had got some crack. I smoked some of the crack and I had the effects of the crack in my system. The cops came in behind me and I was - makes you freak out, okay, and I freaked out and took off. They chased me."

[Doc. 13-3 at 14-15.] When asked whether he had received a signal from the police to stop, Petitioner stated, "Oh, yes, sir." *Id.* at 15. When asked whether he had caused substantial risk of physical harm to persons or property through his flight, Petitioner responded, "I don't want to say that nobody could have got hurt, because I ran stop signs, red lights and there was some residential streets, and it was a beautiful Sunday afternoon, plenty of people out with their kids, so yes, it could have, yeah." *Id.* at 16.

Petitioner presents no evidence that would suggest that the above description was inaccurate. As such, Petitioner fails to demonstrate sufficient evidence of his actual innocence such that Petitioner's continued incarceration would constitute a fundamental miscarriage of justice. Thus, Petitioner is unable to avoid the restraints of the statutory filing period governing habeas petitions in federal court and his petition remains time barred.

### IV. Conclusion

For the aforementioned reasons, the Court hereby **ADOPTS** Magistrate Judge Hemann's Report and Recommendation and **DISMISSES** Stevens' Petition for Writ of Habeas Corpus.

Case No. 3:06-CV-2593
Gwin, J.

    IT IS SO ORDERED.


Dated: August 3, 2007                                       s/       *James S. Gwin*
                                                                                               JAMES S. GWIN
                                                                                               UNITED STATES DISTRICT JUDGE